IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Austin Sweet,

    PLAINTIFF

vs.   NO. 5:21-cv-01198

COLE GUNSMITHING, INC.,   **JURY DEMAND**

    DEFENDANTS.

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Austin Sweet ("Plaintiff"), and for his Original Complaint ("Complaint") against Defendant Cole Gunsmithing, Inc. ("Defendant"), he states and alleges as follows:

### PRELIMINARY STATEMENTS

1 . This is an action brought by Plaintiff against Defendants for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs.

### JURISDICTION AND VENUE

3. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## THE PARTIES

6. Plaintiff is an individual and resident of Wilson County.

7. Defendant is company incorporated in the state of Florida that is doing business in Bexar County, San Antonio, Texas.

### IV.   FACTUAL ALLEGATIONS

8. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Defendants' primary business is the sale, service and repair of guns.

10. Defendant employs several individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

11. Plaintiff used email, text messages and cell phones on a daily or almost daily basis to communicate with Defendant and Defendant's customers.

12. Defendants are employers within the meaning of the FLSA and have been, at all times relevant herein, Plaintiff's employers.

13. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

14. Defendant employed Plaintiff as a Gunsmith from November 2019 until September 10, 2021.

15. Plaintiff's primary duties were to provide gunsmithing services to guns for Defendants' customers.

16. Defendant directly hired Plaintiff, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

17. Defendant further provided the facilities at which Plaintiff was to perform his job duties for Defendant.

18. Defendant improperly classified Plaintiff as an independent contractor, exempt from the overtime requirements of the FLSA.

19. Plaintiff's work followed the usual path of employer-employee relationships; Defendant treated him as independent contractors only for tax purposes and for Defendant's convenience.

20. Defendant, at all times relevant hereto, knew that Plaintiff was acting as an employee, rather than as an independent contractor, and treated him as an employee.

21. Defendant required regular attendance at company meetings and events.

22. Defendant did not pay Plaintiff on a salary basis.

23. Plaintiff did not financially invest in Defendant's business.

24. Plaintiff did not share in Defendant's profits or losses.

25. Defendant, not Plaintiff, set prices for services for Defendant's customers.

26. Defendant determined Plaintiff's pay scale for services without input from or negotiation with Plaintiff.

27. Defendant, not Plaintiff, decided whether and how many other gunsmiths and other workers to hire.

28. Plaintiff was hired to work for Defendant for a continuous and ongoing period of time.

29. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

30. Defendant set policies and rules which Plaintiff was required to follow.

31. Defendant made decisions on advertising Defendant's business without Plaintiff's input.

32. Defendant provided training necessary for Plaintiff to complete his job duties.

33. Defendant provided the tools necessary for Plaintiff to complete his job duties.

34. Plaintiff regularly worked hours over 40 per week.

35. Plaintiff recorded his work time via paper timesheets which he then submitted to Defendant.

36. Despite submitting all of his hours to Defendant, Plaintiff was not always paid for all of the hours he submitted.

37. When Defendant paid Plaintiff for hours worked over 40 in a week, Defendant paid Plaintiff his regular hourly rate. In other words, Plaintiff was not paid an overtime premium for hours worked over 40 each week.

38. Defendant failed to pay Plaintiff for approximately 317 hours of work.

39. Therefore, Defendant failed to pay Plaintiff minimum wage for all hours worked.

40. At all relevant times herein, Defendant has deprived Plaintiff of proper minimum wage for all hours worked and/or proper overtime compensation for all of the hours worked over forty per week.

41. Defendant knew or should have known that Plaintiff was working hours which went unrecorded and uncompensated.

42. Defendant knew, or showed reckless disregard for whether, and the way it paid Plaintiff violated the FLSA.

FIRST CLAIM FOR RELIEF—VIOLATION OF THE FLSA

43. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

44. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. S 201, et seq.

45. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. S 203.

46. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 unless an employee meets certain exemption requirements of 29 U.S.C. S 213 and all accompanying DOL regulations.

47. Defendant misclassified Plaintiff as exempt from the requirements of the FLSA by wrongfully classifying him as an independent contractor.

48. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5x his regular rate for all hours worked in excess of 40 per week.

49. Defendant failed to pay Plaintiff a sufficient minimum wage for all hours worked.

50. Defendant knew or should have known that their actions violated the FLSA.

51. Defendant's conduct and practices, as described above, were willful.

52. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

53. Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. S 216(b).

54. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Austin Sweet respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, and its related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid wages including both minimum wage for hours worked and overtime premiums for all weeks where Plaintiff worked in excess of 40 hours, under the FLSA and its related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, and its related regulations;

D. An order directing Defendant to pay Plaintiff interest, all reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

F. Plaintiff hereby demands a trial by jury.

Respectfully submitted on this 6th date of December, 2021.

/s/ Mark D Downey

Mark D. Downey, *attorney in charge*
Texas Bar No. 00793637
1910 Pacific Ave, Suite 15650
Dallas, Texas 75201
Phone: 214-764-7279
mdowney@dlawgrp.com

**ATTORNEY FOR DEFENDANT**
**AUSTIN SWEET**